# CIVIL RIGHTS COMPLAINT
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

STEVEN R. POWELL,
Plaintiff,



FILED

DEC 0 1 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

v. Case No. 2:25cv204

**KNOXVILLE TVA EMPLOYEES CREDIT UNION;**

**PAMELA SZYMANSKI;**

**MATTHEW W. GRAVES, ESQ.;**

**RAPTURE ENTERPRISES;**

**SARAH LAWSON, Clerk & Master;**

**CHANCELLOR JOHN C. RAMBO;**

**TENNESSEE DEPARTMENT OF REVENUE –**

**TITLE & REGISTRATION DIVISION (Employees);**

**CHAPARRAL BUICK GMC, INC.;**

Defendants.

1

# CIVIL RIGHTS COMPLAINT
## UNDER 42 U.S.C. §§ 1983, 1985(3), AND 1986
### (FRAUD, CONSPIRACY, AND DEPRIVATION OF RIGHTS)

## I. JURISDICTION AND VENUE
II.
1. This action is brought under 42 U.S.C. §§ 1983, 1985(3), and 1986, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3)–(4) (civil rights).

3. Venue is proper under 28 U.S.C. § 1391(b), because the events occurring in Washington County, Tennessee, which is within the Eastern District of Tennessee, Greeneville Division.

## II. PARTIES

1. Plaintiff Steven R. Powell is a private citizen residing in Washington County, Tennessee.

2. Knoxville TVA Employees Credit Union ("KTVAECU") is a financial institution that participated in wrongful and fraudulent acts under color of law through joint action with state officials.

3. Pamela Szymanski is an employee and affiant for KTVAECU, acting under color of law through joint action with state officials.

4. Matthew W. Graves, Esq. is counsel for KTVAECU who acted jointly and conspiratorially with state actors, including in the preparation and transmission of judicial orders.

5. Rapture Enterprises participated in unlawful seizure and conspiracy regarding Petitioner's property, acting pursuant to state court process.

2

6. Sarah Lawson, Clerk & Master of Washington County Chancery Court, acted under color of state law by accepting and processing fraudulent filings, ignoring Petitioner's revocations of power of attorney, and facilitating unlawful judicial actions.

7. Chancellor John C. Rambo acted under color of state law by issuing orders granting summary judgment without proper jurisdiction, without adequate consideration of Petitioner's defenses, and without meaningful opportunity for Plaintiff to be heard, thereby violating his due process rights.

8. Employees of the Tennessee Department of Revenue, Title & Registration Division, processed disputed title documents and aided in the deprivation of Petitioner's property rights by facilitating KTVAECU's lien status and title claims.

9. Chaparral Buick GMC, Inc. participated in fraudulent transactions by misrepresenting the nature of document signatures to Plaintiff and contributed to deprivation of property rights through the alleged unauthorized loan transaction.

## III. STATEMENT OF FACTS

1. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

2. On or about September 27, 2024, Plaintiff appeared at Chaparral Buick GMC in Johnson City, Tennessee to purchase a 2025 GMC Sierra 1500, believing the vehicle was being purchased for cash and would be paid in full with no financing or lien in his personal name. **See Exhibit C (alleged loan and lien documents); Exhibit D (title and trust records).**

3. During the transaction, Chaparral Buick GMC staff presented a signature pad to Plaintiff under the representation that the electronic signature was "for registration only" and not for

3

any loan application or security agreement. **See Exhibit M (Affidavit of Sharon Powell and phone log); Exhibit J (Affidavit of Facts of Steven R. Powell).**

4. Knoxville TVA Employees Credit Union ("KTVAECU") later claimed Plaintiff had executed a Dealer Direct Express Credit Application and a Loan and Security Agreement in the amount of $99,063.51, and that Plaintiff granted a first-priority lien on the vehicle as security for that alleged loan. See Exhibit C (alleged loan and lien documents).

5. Plaintiff did not tender or wire any cash to Chaparral Buick GMC, but reasonably believed that the vehicle was being purchased and titled consistent with instructions and pre-existing trust structures, not by personally borrowing from KTVAECU. See **Exhibit D (trust and title records); Exhibit J (Affidavit of Steven R. Powell).**

6. On and after November 2024, Plaintiff issued multiple clear revocations of any power of attorney or agency authority previously granted to KTVAECU, Chaparral Buick GMC, or related agents. These revocations include: a November 2024 verbal revocation followed by confirming notes and correspondence; a written revocation dated December 16, 2024; a written revocation in May 2025; and an October 2025 Durable Power of Attorney expressly revoking all prior powers of attorney. Each revocation was served by certified mail with green cards to KTVAECU, counsel Matthew W. Graves, employee/affiant Pamela Szymanski, Clerk & Master Sarah Lawson, and other relevant parties. **See Exhibit B (revocations of power of attorney).**

7. Despite these revocations, Defendants continued to act as though agency authority remained in effect, including the preparation, filing, and use of alleged loan documents, lien documents, and release instruments bearing signatures that Plaintiff disputes as forged or

4

unauthorized. **See Exhibit B; Exhibit C; Exhibit I (Forensic Fraud Analysis & Forensic Audit Report); Exhibit J; Exhibit N (Affidavit of Steven Powell dated September 9, 2025).**

8. Title and registration records for the 2025 GMC Sierra 1500 reflect multiple changes in ownership and lienholder status, including Tennessee title numbers 19000303124, 19000306409, and 19000307333. These records show the Steven Powell Entity Trust as owner and the Steven R. Powell Foreign Grantor Trust as lienholder, followed by changes that removed Petitioner's trust interests and reflected KTVAECU as lienholder based on disputed filings and a purported "lien release" letter that KTVAECU accuses Plaintiff of forging. **See Exhibit D (titles and trust documents); Exhibit H (Tennessee Title & Registration Division records).**

9. The Tennessee Department of Revenue, Title & Registration Division processed duplicate and replacement titles and lien changes in reliance on disputed paperwork and without independently accusing or charging Plaintiff with fraud, even after being placed on notice of revocation, trust ownership, and title irregularities. **See Exhibit H; Exhibit L (notice and complaint trail to agencies/officials).**

10. In Chancery Court Case No. 25-CV-0105, KTVAECU and attorney Matthew W. Graves filed suit against Plaintiff and his trust capacities, seeking to enforce the alleged loan and lien, to invalidate trust-based titles, and to obtain attachment, possession, and treble damages under Tenn. Code Ann. § 39-14-147. See Exhibit A (Chancery Court summary judgment package); Exhibit C; Exhibit F (Affidavit of Pamela Szymanski and related documents).

5

11. Petitioner, as a self-represented litigant, filed multiple motions and notices in Chancery Court challenging the alleged loan and lien, contesting the authenticity and authority of signatures and documents, raising revocation of power of attorney, and alleging fraud upon the court and lack of standing, and seeking discovery and production of original documents. See Exhibit E (Powell's Chancery motions and notices).

12. On October 28, 2025, Chancellor John C. Rambo conducted a hearing on KTVAECU's Motion for Summary Judgment. On October 29, 2025, attorney Graves transmitted a Proposed Order Granting Summary Judgment to Clerk & Master Sarah Lawson "pursuant to the Chancellor's instruction from the hearing of October 28, 2025" and requested that she present it to the Chancellor for signature and entry. **See Exhibit A (letter of October 29, 2025 and attached order).**

13. The Order Granting Summary Judgment entered in Case No. 25-CV-0105 finds that KTVAECU's Statement of Material Facts is "deemed true and admitted," adopts KTVAECU's narrative that Plaintiff signed the Dealer Direct Express Application and Loan and Security Agreement, declares Petitioner's alleged submission of a "forged and fraudulent lien release letter" to the State of Tennessee, reinstates KTVAECU's first-priority lien, voids competing titles, grants KTVAECU possession of the vehicle, awards $103,198.04 plus interest on the alleged loan, awards treble damages of $297,190.53 under Tenn. Code Ann. § 39-14-147, and awards attorneys' fees and costs. It further denies all of Petitioner's pending motions and dismisses any counterclaims or requests with prejudice, declaring itself a final, appealable order. **See Exhibit A.**

14. Acting under this order, KTVAECU, through Rapture Enterprises / RAP Enterprises / Eastern Star Towing and with state-court process, caused Petitioner's vehicle to be seized on or about January 6, 2025. Plaintiff was not provided any sheriff's return, writ of possession, or opportunity to recover his personal property from the vehicle, and KTVAECU and Rapture refused to disclose the vehicle's location. **See Exhibit G (seizure, attachment, and possession documents); Exhibit J; Exhibit M.**

15. The Title & Registration Division thereafter issued and/or honored title entries reflecting KTVAECU's lien and disregarding trust ownership and lienholder records, thereby facilitating KTVAECU's continued possession and disposition rights in the vehicle under color of state law. **See Exhibit H.**

16. Throughout this period, Plaintiff sent complaints, notices, and supporting documents to the Tennessee Attorney General, other state and federal agencies, and judicial conduct bodies, reporting title fraud, misuse of powers of attorney, denial of proper recognition of revocations, and judicial misconduct in Chancery Court. Responses, if any, failed to remedy or halt the ongoing deprivations. **See Exhibit L.**

17. Plaintiff obtained a Forensic Fraud Analysis & Forensic Audit Report documenting irregularities, inconsistencies, and defects in the purported loan documents, lien instruments, and title chain, including questions regarding signatures and the handling of the alleged lien release. **See Exhibit I.**

18. Plaintiff has suffered substantial economic and non-economic damages, including the loss of use and value of the 2025 GMC Sierra 1500, treble-damages judgment and fee awards against him, adverse credit events, out-of-pocket costs, and emotional distress requiring counseling and treatment. See **Exhibit K (damages evidence).**

19. At all relevant times, Clerk & Master Sarah Lawson and Chancellor John C. Rambo acted under color of state law by controlling court filings, docketing, orders, and enforcement mechanisms in Washington County Chancery Court, while KTVAECU, its employees (including Pamela Szymanski), counsel Matthew W. Graves, Rapture Enterprises, and Tennessee Department of Revenue Title & Registration Division employees jointly participated in and relied upon those official processes to effect the seizure of Petitioner's property and to impose civil and financial liabilities upon him despite clear notice of fraud, revoked authority, and disputed signatures. **See Exhibits A–N.**

# IV. CLAIMS FOR RELIEF
# COUNT I — 42 U.S.C. § 1983

### Due Process Clause – Fourteenth Amendment

32. Defendants acted under color of law to deprive Plaintiff of property and liberty without due process, in violation of the Fourteenth Amendment to the United States Constitution.

33. Plaintiff was denied meaningful notice of the Chancery Court action and a fair opportunity to be heard in defense of his property interests, particularly regarding disputed facts concerning document authenticity, authority, and fraud.

34. Fraudulent documents, false affidavits, and unlawful judicial orders were used to justify the deprivation, and Petitioner's defense that these documents were forged or unauthorized was not fairly considered by the court.

35. Plaintiff suffered irreparable injury, financial loss, emotional distress, and violations of constitutional rights.

36. Defendants are liable for these deprivations under 42 U.S.C. § 1983 and the Fourteenth Amendment.

## COUNT II — 42 U.S.C. § 1983
### Unlawful Seizure – Fourth Amendment

37. The seizure of Petitioner's vehicle was conducted without lawful authority, justification, or valid legal process, in violation of the Fourth Amendment to the United States Constitution.

38. Plaintiff did not receive meaningful pre-seizure notice, opportunity to be heard, or meaningful post-seizure opportunity for prompt judicial review to contest the seizure.

39. Rapture Enterprises, acting jointly with state actors under court process, deprived Plaintiff of his property without adequate procedural safeguards.

40. Defendants are liable for this unlawful seizure under 42 U.S.C. § 1983 and the Fourth Amendment.

## COUNT III — 42 U.S.C. § 1985(3)
### Conspiracy to Deprive Civil Rights

41. Defendants formed a conspiracy with the purpose of harming Plaintiff through fraud, concealment, misuse of court process, and coordinated actions to deprive him of his constitutional rights and property.

42. The conspiracy involved at least one state actor (Chancellor Rambo, Clerk Lawson, and/or Title Division employees) acting in an official capacity.

43. Overt acts in furtherance of the conspiracy include: preparation and filing of fraudulent or disputed affidavits; filing of allegedly forged lien release documents; unauthorized processing of

9

title changes; joint action by private and state actors; summary judgment without adequate consideration of Petitioner's defenses; and unlawful seizure of the vehicle.

44. Plaintiff was injured as a result of the conspiracy and has suffered damages.

45. Defendants are liable under 42 U.S.C. § 1985(3) for conspiracy to deprive Plaintiff of his civil rights.

# COUNT IV — 42 U.S.C. § 1986
## Failure to Prevent Civil Rights Violations

46. Defendants Sarah Lawson, Chancellor John C. Rambo, and employees of the Tennessee Department of Revenue had actual or constructive knowledge of the ongoing civil rights violations, including fraud, unauthorized agency actions, revocation of powers of attorney, and deprivation of property rights.

47. Such knowledge was evidenced by Petitioner's direct service of revocation notices on these officials; his filing of multiple motions raising fraud and constitutional issues in Chancery Court; his service of complaints on the Attorney General, judicial conduct commissions, and other agencies; and the face of court filings and correspondence.

48. These Defendants had authority and duty to prevent the harm to Petitioner's constitutional rights but refused or neglected to act.

49. Defendants are liable under 42 U.S.C. § 1986 for failure to prevent the civil rights violations of which they had knowledge.

# COUNT V — FRAUD
(Supplemental Jurisdiction Under 28 U.S.C. § 1367)
50. Defendants knowingly created, used, or relied upon fraudulent documents, forged or unauthorized signatures, false affidavits, and material misrepresentations regarding:

- The nature of the vehicle purchase transaction

- The authority of Plaintiff to bind himself to a loan

- The status of powers of attorney and agency relationships

- The authenticity of lien release and title documents

- The validity of the alleged debt obligation

1. Plaintiff reasonably relied on the false information provided to him and omitted from him, including the representation that a signature pad was "for registration only," to his substantial detriment.

2. Fraud was material and central to the deprivation of Petitioner's rights and property, including the loss of his vehicle, the imposition of judgment and treble damages against him, and the accompanying emotional distress.

3. Defendants are liable for fraud under common law and supplemental state law claims.

# V. DAMAGES

Plaintiff seeks:
- Compensatory damages: $1,500,000 for the loss of the vehicle, imposed judgments and treble damages, adverse credit impact, out-of-pocket costs, lost use and opportunity, and emotional distress;
- Punitive damages: $2,500,000 to punish Defendants' reckless, willful, and malicious conduct and to deter similar violations;
- Declaratory relief declaring the Chancery Court judgment and orders void ab initio or unenforceable;
- Injunctive relief prohibiting further enforcement of the void judgment and ordering restoration of Petitioner's property rights in the vehicle or equitable alternative relief;
- Costs and attorney fees as allowed under 42 U.S.C. §§ 1983 and 1985(3) and supplemental state law.

# VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable pursuant to the Seventh Amendment to the United States Constitution and the applicable Federal Rules of Civil Procedure.

# VII. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff Steven R. Powell respectfully requests judgment against all Defendants, jointly and severally, and that this Court:**

1. Declare that Defendants' actions violated Petitioner's constitutional rights to due process (Fourth and Fourteenth Amendments), protection against unlawful seizure (Fourth Amendment), and freedom from conspiracy to deprive civil rights (42 U.S.C. § 1985(3));

2. Award Plaintiff compensatory damages in the amount of $1,500,000;

3. Award Plaintiff punitive damages in the amount of $2,500,000;

4. Enter declaratory judgment voiding or rendering unenforceable the Chancery Court judgment and all orders related to Case No. 25-CV-0105;

5. Issue injunctive relief prohibiting further enforcement of the void judgment and directing restoration of Petitioner's vehicle or equitable alternative relief;

6. Award costs, attorney fees, and interest as provided by law;

7. Grant such other and further relief as the Court deems just, proper, and equitable.

Respectfully submitted,

*Steven R. Powell* (signature)

Steven R. Powell.     Pro Se Litigant
All Rights Explicitly Reserved
P.O Box 2041
Johnson City, TN 37602
(818)200-3645
powells626

**CERTIFICATE OF SERVICE**

I, Steven R. Powell, hereby certify that on this 25th day of November, 2025,

I have served a true and accurate copy of the foregoing Civil Rights Complaint and all exhibits upon each of the following Defendants by certified mail, return receipt requested, and by first-class mail, postage prepaid:

Knoxville TVA Employees Credit Union

1409 Centerpoint Blvd

Knoxville, TN 37932

Registered Agent / CEO, President Lynn Summers


Pamela Szymanski

c/o Knoxville TVA Employees Credit Union

1409 Centerpoint Blvd

Knoxville, TN 37932

13

Matthew W. Graves, Esq.

Hodges, Doughty & Carson, PLLC

445 S. Gay Street, Suite 401

Knoxville, TN 37902

Rapture Enterprises

(Business Address – obtain from public records or Chancery Court file)

Sarah Lawson, Clerk & Master

Washington County Chancery Court

108 W. Jackson Blvd., Suite 2157

Jonesborough, TN 37659

Chancellor John C. Rambo

First Judicial District Chancery Court

108 W. Jackson Blvd., Suite 2157

Jonesborough, TN 37659

(For judges: per Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(2))

Tennessee Department of Revenue

Vehicle Services / Title & Registration Division

44 Vantage Way, Suite 160

Nashville, TN 37243-8050

Title Division Employees via agency head:

Office of the General Counsel

Tennessee Department of Revenue

500 Deaderick Street

Nashville, TN 37243

Chaparral Buick GMC, Inc.

3519 Bristol Highway

Johnson City, TN 37601

Serve through: Freddy Gonzalez JR President/CEO Monica Gonzales

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(D),

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on November 25, 2025.

_Steven R. Powell_
Steven R. Powell
All Rights Explicitly Reserved

## Jurat

Subscribed and sworn to (or affirmed) before me on this _26_ day of _Nov_, 20_25_ by Steven R. Powell, who is personally known to me or has produced ___TN DL___ as identification.

Notary Public Signature _Brett [signature]_

My commission expires: _07-26-2028_

(Notary Seal)

15

# Civil Rights Complaint

Steven R. Powell

P.O. BOX 3041

Johnson City, TN 37602-3041

(818)200-3645

powells626@gmail.com

November 25, 2025

Fax if available Email HAND DELIVERY

Clerk of Court

United States District Court

Eastern District of Tennessee

Greeneville Division

220 West Depot Street

Greeneville, TN  37743

RE: Civil Rights Complaint Under 42 U.S.C. §§ 1983, 1985(3), and 1986

Case Style: STEVEN R. POWELL v. KNOXVILLE TVA EMPLOYEES CREDIT UNION, et al.

Case No. _____

Dear Clerk of Court:

Please find enclosed the original Petitioner's Civil Rights Complaint under 42 U.S.C. §§ 1983, 1985(3), and 1986, together with the required fee, exhibits, and supporting documentation.

Contents of Filing:

1. Civil Rights Complaint (with verification and jury demand)
2. Affidavit in Support of Complaint
3. Exhibits A through N (14 exhibits with cover sheets)
4. Certificate of Service

Jurisdiction and Venue:

This action arises under federal question jurisdiction (28 U.S.C. § 1331) and civil rights jurisdiction (28 U.S.C. § 1343), involving alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Venue is proper in the Eastern District of Tennessee, Greeneville Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Washington County, Tennessee, which lies within this judicial district.

Nature of Action:

Petitioner Steven R. Powell brings this action against Knoxville TVA Employees Credit Union, Pamela Szymanski, Matthew W. Graves, Esq., Rapture Enterprises, Sarah Lawson (Clerk & Master), Chancellor John C. Rambo, employees of the Tennessee Department of Revenue Title & Registration Division, and Chaparral Buick GMC, Inc., alleging that these Defendants, acting

jointly and under color of state law, conspired to defraud Petitioner of his vehicle and property through forged documents, unauthorized use of agency authority, misuse of judicial process, and wrongful seizure—thereby violating his constitutional rights to due process, protection against unlawful seizure, and equal protection of law.

Relief Sought:

Petitioner seeks compensatory damages in the amount of $1,500,000, punitive damages in the amount of $2,500,000, declaratory relief, injunctive relief, restoration of property rights, and costs and attorney fees pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. Petitioner demands trial by jury on all issues so triable.

Procedural Information:

- Pro Se Litigant: Steven R. Powell,
- P.O BOX 3041
- Mailing Address for Service: Same as above
- POWELLS626@GMAIL.COM
- (818)200-3645

Please acknowledge receipt of this filing and advise of the case number assigned by the court.

Respectfully submitted,

*Steven R. Powell*

Steven R. Powell
All Rights Explicitly Reserved

P.O BOX 3041
Johnson City, TN 37602-3041

Enclosures:

• Original copy of the Civil Rights Complaint

• Verification Affidavit

• Exhibits A–N with cover sheets

• Certificate of Service

• Filing Fee (if required)