UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| STEVEN R. POWELL,<br><br>Plaintiff,<br><br>v.<br><br>KNOXVILLE TVA EMPLOYEES CREDIT UNION, et. al,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-CV-00204-DCLC-CRW |

**ORDER**

This matter is before the Court pursuant to the Magistrate Judge's Order denying Plaintiff's Renewed Motion for Leave to File Second Amended Complaint. [Doc. 44]. The claims in Plaintiff's Amended Complaint, brought in the name of Steven Ross Powell, Trustee and Beneficiary of the Steven Powell Entity Trust, concerns allegations related to the purported purchase of a 2025 GMC Sierra 1500 truck and its subsequent repossession. *See* [Doc. 4]. Plaintiff's claims center around ownership of the vehicle. *See id.*

Plaintiff, seeking to proceed pro se, states that he is the owner of vehicle at issue is the Steven Powell Entity Trust of which Plaintiff is both trustee and beneficiary. *See* [Docs. 4 ¶ 3; 27-1; 31]. The magistrate judge found that Plaintiff may not proceed pro se because the interests at stake in this matter belong to the Steven Powell Entity Trust and "[w]hile individuals may represent themselves in federal court, a person is not allowed to 'appear pro se where interests other than their own are at stake.'" [Doc. 31, pg. 1 (citing *Jacquelyn S Jordan Tr. v. City of Franklin*, No. 3:22-CV-00326, 2022 WL 1507196, at *1 (M.D. Tenn. May 12, 2022) (quoting *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)))]. The magistrate judge gave Plaintiff

14 days to either file documentation establishing that he meets the criteria to proceed pro se or retain counsel to file a notice of appearance on behalf of the Steven Powell Entity Trust. *Id.* at 2.

Plaintiff failed to appropriately demonstrate that he is the sole beneficiary of the trust. *See* [Doc. 36]. The magistrate judge found that Plaintiff's claims that he is the sole beneficiary of the Steven Powell Entity Trust [Doc. 32, pg.1] are in direct contravention to statements Plaintiff made in two sworn affidavits attached as exhibits to his Complaint [Doc. 2]. *Id.* Plaintiff swore under penalty of perjury in these affidavits that the vehicle at issue "is lawfully held under lien by Steve Powell Foreign Grantor Trust, and is lawfully owned owned [sic] by Steve Powell Entity Trust with Steven Powell, Sharon Powell, and Justin Hubbard named as beneficiaries." [Doc. 2-11, pg. 25; Doc. 2-16, pg. 4]. The magistrate judge gave Plaintiff until June 1, 2026, to retain counsel to represent the Steven Powell Entity Trust and warned that otherwise, Plaintiff's case may be dismissed by the District Court. [Doc. 36, pg. 2].

Rather than comply with the Court's order, Plaintiff instead filed a Motion for Leave to File Second Amended Complaint. [Doc. 38]. The magistrate judge denied the motion and granted Plaintiff's motion for an extension to either obtain counsel or file a motion for leave to amend accompanied by a separate proposed amended complaint in which Plaintiff addresses why he has a legal basis for proceeding individually on claims that he previously asserted under oath belonged to a trust. [Doc. 40]. Plaintiff then filed the Renewed Motion for Leave to File Second Amended Complaint. [Doc. 41]. The magistrate judge denied this motion finding that Plaintiff's proposed Second Amended Complaint still contains allegations pertaining to the Steven Powell Entity Trust, noting that Plaintiff transferred title of the vehicle to the trust. [Doc. 44, pg. 5].

Plaintiff has been warned multiple times that he may not appear pro se on behalf of the trust and failure to retain counsel would result in dismissal. *See* [Docs. 36, 41]. Accordingly, this

matter is **DISMISSED WITHOUT PREJUDICE** and the Motion to Dismiss [Doc. 23] and Motion to Stay [Doc. 43] are **DENIED AS MOOT**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge